■ DOROTHY SLAMAVITZ, as Executrix of SOPHIE PERRONE, Deceased, Respondent, v RALPH PERRONE, Defendant, and LOUISE PERRONE, Appellant. — Appeal by the defendant Louise Perrone from stated portions of an order of the Supreme Court, Nassau County (Di Paola, J.), entered April 28, 1980, which, *inter alia,* granted plaintiff summary judgment against her. Order reversed insofar as appealed from, without costs or disbursements, and plaintiff's motion for summary judgment against Louise Perrone is denied. There are triable issues of fact which cannot be summarily resolved. Hopkins, J. P., Mangano, Margett and Thompson, JJ., concur.

■ JANET STORMS, Respondent, v JOSEPH STORMS, Appellant. — In a matrimonial action, the defendant husband appeals (1) from an order of the Supreme Court (Walsh, J.), dated November 25, 1980 and entered in Rockland County, which, *inter alia,* directed him to pay to the plaintiff wife maintenance *pendente lite* of $100 weekly and all of the expenses in connection with the marital home and (2) from so much of a further order of the same court, dated January 22, 1981, as granted the branch of plaintiff's motion which sought a money judgment in the sum of $400, representing accrued arrears from the date of the *pendente lite* order. Order dated November 25, 1980 affirmed, and order dated January 22, 1981 affirmed insofar as appealed from, with one bill of $50 costs and disbursements. Defendant contends that the amount of money he has been directed to pay to plaintiff, to wit, $100 weekly as maintenance and all of the expenses in connection with the marital home, exceeds the amount of his income. Defendant's contention ignores the plain words of the order. The expenses for the marital home approximate $133 weekly. The additional $100 brings the total defendant is required to pay to $233. This amount does not exceed defendant's income, which is approximately $400 weekly. We have examined defendant's remaining contentions and find them also to be without merit. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.